TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
tdifillippo@atllp.com

*Attorneys for Plaintiff*
*Admiral Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, | Case No.: 2:22-cv-00177-~~JAD~~-NJK  (CDS) |
| Plaintiff, | |
| vs. | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| KABUL, INC. d/b/a FASTRIP PWC RENTALS, KABUL, INC. d/b/a FASTRIP FOOD STORE, DARRYL PETER ALEXANDER, JR., individually, TOMMY LYNCH, as ADMINISTRATOR for the ESTATE OF TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of TAMMY LYNCH | |
| Defendants. | |
| KABUL, INCL dba FASTRIP PWC and FASTRIP FOOD STORE, | |
| Third-Party Plaintiff, | |
| v. | |
| GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Third-Party Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff, ADMIRAL INSURANCE COMPANY, by and through its counsel of record, Armstrong Teasdale, LLP, Defendants the

ESTATE OF TAMMY LYNCH, TOMMY LYNCH, and APRIL BLACK (the "Lynch Defendants"), by and through their counsel of record, Shock & Stone Chtd., Defendants/Third-Party Plaintiffs KABUL, INC. dba FASTRIP PWC RENTALS and KABUL, INC. dba FATRIP FOOD STORE (the "Kabul Defendants"), by and through their counsel of record, Craig P. Kenny & Associates hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below.

1.     To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information to the parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

2.     This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

3.     This Order covers information that the disclosing party or non-party (hereafter "source") designates "Confidential."  The designation "Confidential" shall be limited to information that the source in good faith believes is privileged, proprietary, commercially sensitive, invades an employee or third-party's rights to privacy, may be injurious to that party's personal, financial, or professional interests, or for similar reasons should otherwise be subject to "Confidential" treatment.

4.     Documents that are in the public domain, including but not limited to documents presented at trial or other court proceedings publicly and not under seal, may not be designated as "Confidential."  This provision shall not apply to any document that is in the public domain as a result of violation of any stipulation or court order with respect to such document or any information included in such document.

5.     To designate information as "Confidential," a source must so mark it or, in the case of a deposition or hearing transcript, designate it as provided below.  Either designation may be withdrawn by the source in writing.  The source must mark each page of each document and/or each significant component of any other objects containing Confidential Information with the appropriate

designation as required.  A cover letter can be used, if appropriate, to designate computerized data as "Confidential."

6.     In the event that documents or information that may contain Confidential Information are made available for inspection by the source, the party inspecting the documents and/or information shall treat all documents and information produced as confidential.  There will be no waiver of confidentiality by the inspecting of Confidential Information before it is copied and marked "Confidential."

7.     Accidental disclosure of Confidential Information does not waive the confidence otherwise attaching to the Confidential Information.  On a party or a source's discovery that information was not correctly designated, that party or source shall provide notice to the other litigants that the information was inappropriately designated.  The source shall then have seven business days in which to re-designate the information.  In the interim, the information may not be used in a manner inconsistent with the notice.

8.     Subject to the provisions of this Order, information designated as "Confidential" may be disclosed to and used only by the persons described below.  Before receiving access to any of the Confidential Information, the parties listed in subsections H, I, and L shall execute an agreement to be fully bound by this Order in the form of Exhibit A, attached hereto.

    A. Counsel of record for the party to whom such documents or materials are produced or given, including, as well as any attorneys assisting counsel of record and the legal associates, paralegals, clerical or other support staff or services of counsel of record or such attorneys;

    B. The named Plaintiff including, but not limited to, its outside and in-house counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

    C. The named Defendants including, but not limited to, their outside and in-house counsel, including paralegals, clerical or other support staff or services and any

officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;;

D. The Court, court officials, court personnel, and jurors involved in this action;

E. Court reporters (including audio and video);

F. Copying, imaging and computer services for the purpose of copying, imaging, storing, or organizing documents provided that all Confidential documents are retrieved by the party furnishing it upon completion of this lawsuit;

G. Special masters, settlement judges and/or mediators;

H. Consulting or testifying experts so long as the undertaking attached hereto is first executed;

I. Deposition Witnesses, in accordance with paragraph 10, so long as the undertaking attached hereto is first executed;

J. Outside vendors who are necessary to assist counsel of record in this action in the preparation and trial of this action;

K. Insurance carriers for any party, as well as their board of directors, attorneys, investigators, senior executives; and

L. Others specifically identified and authorized in writing by the disclosing source, so long as the undertaking attached hereto is first executed.

9. Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant to and subject to the terms of this Order, and may not be disclosed other than pursuant to the terms thereof.

10. Deposition transcripts shall presumptively be considered to have been designated "Confidential" for a period of thirty days following service of the transcript. In the interim and upon further review of the transcript, the deponent, his or her counsel, or any other party may re-designate portions or the entirety of the transcript as "Confidential," which designation shall remain in effect for the duration of this Order. The deponent, his or her counsel or another party designating a transcript or portion as "Confidential" must advise counsel of record and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript

appropriately.  If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette, videotape or CD-ROM container shall be labeled with the appropriate legend.  Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

11.   The parties shall not file with the Court any document, object, brief, pleading, discovery or answers to discovery (including interrogatories, requests to produce, or deposition transcripts) which contains Confidential Information or information derived from Confidential Information, except under seal in an envelope marked with the caption of the case, a list of contents, and the following notation: "Contains Confidential Information:   To Be Opened Only By Or As Directed By The Court".  Concurrent with the filing of the Confidential Information under seal, the party filing any Confidential Information under seal, must move for an order sealing the Confidential Information.   To the extent necessary, if the designating party is not the moving party, the

**See order issued concurrently herewith** ~~party shall be permitted to file a joinder within seven days of the filing of the motion to seal to supplement the motion to seal with any information it deems necessary to support the sealing of the Confidential Information.   If the Court denies such a motion to file the Confidential Information under seal, the party filing such shall be permitted to file such documents and/or information with the Court and such documents and/or information shall be deemed not confidential and will no longer be protected by this Stipulation and Order.  Use of Confidential Information in any court proceeding in this litigation, including any deposition or appeal, shall not affect its status as confidential.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts in any court proceedings, including depositions and trial.~~

12.   A party may, consistent with the provisions of this Order, refer to Confidential Information in pretrial conferences before the Court, evidentiary hearings and at trial.  The use of Confidential Information at any pre-trial hearing or trial shall be addressed prior to the commencement of such hearing or trial.  In the event a witness is scheduled to testify at any hearing prior to trial, the parties agree to meet and confer in advance of the hearing to decide if any precautions are necessary to protect the source's Confidential Information.   The source must

designate the transcripts of such proceedings as "Confidential" within thirty days of receipt; if the disclosing source is not a party, the party using the information must confer with the source regarding such designation.

13.     This Order applies equally to documents and information obtained by or produced in response to any subpoena, including in particular information produced by non-parties.  Any party to this action may designate as "Confidential" documents or information produced by any party or non-party in this action.  Such designation must be made within thirty days of the receipt of the documents or information produced by the non-party or other party.  Until this 30-day period expires, unless otherwise agreed to in writing by the parties, the parties shall treat all documents and information produced in discovery as "Confidential," including documents and information produced by non-parties.

14.     The following procedures shall govern any challenges to confidentiality designations:

A.     If a party reasonably believes that information should not be designated as "Confidential," it must specify to the source in writing (a) the information at issue, and (b) its reasons for questioning the confidentiality designation.  The source must respond in writing within ten (10) days or as agreed to by counsel or as ordered by the Court.

B.     To the extent that any dispute about a confidentiality designation is not resolved by the meet and confer process defined above, the parties to the dispute shall arrange an informal conference with the Court to aid in its resolution.

C.     To the extent that any dispute remains following such an informal conference with the Court, the Court shall schedule a formal hearing to resolve the matter, and shall specify the schedule and scope of such briefing as the Court may deem necessary and appropriate to resolve the dispute.  Until the Court rules upon any such dispute, the confidentiality designation shall remain in effect.  If the Court rules that the information should not be restricted, the original

designation shall remain in effect for five (5) business days after the Court's Order.

15.     Nothing in this Order shall prevent a party from using or disclosing its own information, as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

16.     All materials designated in any fashion as "Confidential" shall be used solely for the purpose of this lawsuit and any appellate proceedings in this action and not for any other purpose (which includes, but is not limited to, other litigation in which Plaintiff, Plaintiff's counsel, Defendants, or Defendants' counsel may be involved).  Within ninety days (90) of final termination of this litigation, including appeals or resolution through settlement, the parties, at the written request of the source, must return to the source any disk or other media containing Confidential Information and all paper copies of Confidential Information and/or must delete or otherwise destroy the Confidential Information and all data associated with it from any database or document management system containing the Confidential Information, and shall so certify to the producing party that the producing party has followed such procedures.

17.     Any party or person receiving Confidential Information covered by this Order that receives a request or subpoena for production or disclosure of Confidential Information shall, within ten days (10), give written, email or facsimile notice to the source and to its opposing counsel identifying the information sought and enclosing a copy of the subpoena or request.  The person subject to the subpoena or other request shall not produce or disclose the requested information without consent of the source or until ordered to do so by a court of competent jurisdiction, provided that the source makes a timely motion or other application for relief from the subpoena or other request in the appropriate form.

18.     Nothing in this Order shall abridge the right of any party to seek amendment of this Order upon a showing of good cause or the written agreement of the opposing party or parties.

19.     This Order shall survive the termination of this litigation.  The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

20.     If a source inadvertently or mistakenly discloses documents or materials protected by the attorney-client privilege, attorney-work product privilege or any other privilege, the source shall promptly advise the receiving party of the disclosure and recall any such inadvertently disclosed privileged documents or materials by making a request of the receiving party for their return. Likewise, if a receiving party becomes aware that a source inadvertently or mistakenly disclosed documents or materials protected by the attorney-client privilege, attorney work product or any other privilege, the receiving party shall promptly advise the source of the disclosure and return the documents or materials and any and all copies to the source. If the receiving party fails to return such documents or materials, the source may move the Court for an Order compelling the return. A source that elects to initiate a challenge to a receiving party's failure to return such documents or materials must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the receiving party. In conferring, the source must explain the basis for its belief that the disclosure was made in error and must give the receiving party an opportunity to reconsider the circumstances, and, if no change in position is offered, to explain the basis for that position. A source may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

21.     The production of material protected by the attorney-client privilege, the attorney-work product doctrine, or other privilege or protection does not waive, estop, or prevent the producing party from asserting any privilege or other ground for withholding such material in the course of discovery in this case. The parties may make documents available for preliminary review or otherwise produce documents in this case with or without any pre-production, post-production, or other review, and neither conducting nor foregoing such review shall form a basis to prevent a party from asserting any privilege or other ground for withholding material as provided for in this Order.

22.     Agreeing to, producing, or receiving Confidential Information or otherwise complying with this Order shall not:

A.     Prejudice the parties' rights to object to the production of documents they consider not subject to discovery;

B.   Prejudice the parties' rights to object to the authenticity, relevance, or admissibility into evidence of any document, testimony, or other evidence; or

C.   Prevent the parties from agreeing to alter or waive any portion of this Order with respect to any particular piece of Confidential Information, and/or prevent any party from seeking from this Court a modification of this Order, including, but not limited to, additional protection with respect to the confidentiality of any information.

23.   In the event of breach of this Order, the parties expressly acknowledge that the non-breaching party shall be entitled to specific performance of the terms of this Order or other injunctive relief.   The parties expressly stipulate, agree, and acknowledge that an unauthorized release of the Confidential Information, is a breach of this Order, and that damages arising from such a breach are not adequately relieved through pecuniary compensation, are not reasonably quantifiable, and are immediately irreparable.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

24.     In the event any provision of this Protective Order shall be held to be illegal, unenforceable, or inoperative as a matter of law, the remaining provisions shall remain in full force and effect unless such construction shall substantially frustrate the purpose and intent of this Protective Order.

Dated this 20th day of April 2022.

SHOOK & STONE, CHTD

By: /s/Robert L. English
    John B. Shook, Esq.
    Robert L. English, Esq.
    710 South Fourth Street
    Las Vegas, NV 89101

Attorneys for Defendants Lynch

Dated this 20th day of April 2022.

ARMSTRONG TEASDALE LLP

By: /s/Tracy A. DiFillippo
    TRACY A. DIFILLIPPO, ESQ.
    Nevada Bar No. 7676
    Armstrong Teasdale LLP
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89169
    Telephone:  702.678.5070
    Facsimile:  702.878.9995
    tdifillippo@atllp.com

Attorneys for Plaintiff
Admiral Insurance Company

Dated this 20th day of April 2022.

CRAIG P. KENNY & ASSOCIATES

By: /s/Lawrence Mittin
    Lawrence Mittin, Esq.
    501 S. 8th Street
    Las Vegas, NV 89101

Attorneys for Defendants/Third-Party
Plaintiff Kabul

## ORDER

IT IS SO ORDERED:

_____
United States ~~District Court~~/Magistrate Judge

Dated: April 21, 2022 _____

10

**EXHIBIT A**

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>        vs.<br><br>KABUL, INC. d/b/a FASTRIP PWC RENTALS,<br>KABUL, INC. d/b/a FASTRIP FOOD STORE,<br>DARRYL PETER ALEXANDER, JR.,<br>individually, TOMMY LYNCH, as<br>ADMINISTRATOR for the ESTATE OF<br>TAMMY LYNCH, and TOMMY LYNCH and<br>APRIL BLACK, individually as heirs of TAMMY<br>LYNCH<br><br>             Defendants. | Case No.: 2:22-cv-00177-~~JAD~~-NJK<br><br>(CDS above JAD) |
| KABUL, INCL dba FASTRIP PWC and<br>FASTRIP FOOD STORE,<br><br>           Third-Party Plaintiff,<br><br>v.<br><br><br>GREGG EIDSNESS FARM BUREAU<br>FINANCIAL SERVICES, DOES I through X,<br>inclusive; and ROE CORPORATIONS I through<br>X, inclusive,<br><br>           Third-Party Defendant. | |

### ACKNOWLEDGEMENT OF
### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

The undersigned represents that he/she, along with his or her support personnel, as applicable: (a) has received a copy of the Court's Stipulated Confidentiality and Protective Order ("Protective Order") in the above-captioned case; (b) has read the Protective Order and understands its provisions; (c) agrees to be bound by the terms of the Protective Order; and (d) agrees to be subject to the jurisdiction of the United States District Court, District of Nevada for the purposes of any proceedings related to the enforcement of the Protective Order.

Date: _____

_____
Signature