# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br>    Plaintiff(s),<br>v.<br>KABUL, INC., et al.,<br>    Defendant(s). | Case No. 2:22-cv-00177-CDS-NJK<br>**Order**<br>[Docket No. 64] |

    Pending before the Court is a stipulation to extend deadlines in the scheduling order by 60 days. Docket No. 64. This is the fourth request for an extension and the Court warned in granting the prior request that "**NO FURTHER EXTENSIONS WILL BE GRANTED**." Docket No. 63 at 5 (emphasis in original).

    A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010).

    An insufficient showing has been made for the relief sought here. The reasons advanced for the two-month extension are deposition scheduling difficulties arising out of witness and counsel availability, particularly given counsel's medical obligations and that she is scheduled for two trials in April. Docket No. 64 at 4. While the Court appreciates that scheduling difficulties sometimes arise, in this case the parties have had months to get depositions scheduled. Indeed, the parties represented to the Court back in January that they were "diligently working with each

other to schedule the various depositions." *See* Docket No. 63 at 3.  No meaningfully developed articulation is provided as to why the time already allotted for deposition scheduling was not sufficient, particularly when counsel were put on notice of the need to get the depositions set within the deadlines previously ordered.  *See* Docket No. 63 at 5 (warning that further extensions would not be granted).

With respect to Plaintiff's counsel's particular reasons for having scheduling difficulties, the circumstances as currently described in general terms do not constitute good cause for the extension sought.  That counsel has overloaded her work obligations with two upcoming trials fails, as a matter of law, to establish good cause for an extension.  *See, e.g.*, *Williams v. James River Grp. Inc.*, ___ F. Supp. 3d ____, 2022 WL 4181415, *4 (D. Nev. Sept. 13, 2022).  Moreover, insufficient explanation has been advanced as to why counsel's existing medical obligations continue to constitute good reason for an extension when those medical obligations apparently do not preclude counsel from participating in two upcoming trials and Plaintiff is represented by two attorneys of record in this case.  *See id.* at *5.  The Court is sympathetic to both competing work obligations and medical obstacles, but a sufficient showing has not been made as to why those circumstances justify relief in this case.

Accordingly, the stipulation to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 2, 2023

Nancy J. Koppe
United States Magistrate Judge