# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br>    Plaintiff(s),<br>v.<br>KABUL, INC., et al.,<br>    Defendant(s). | Case No. 2:22-cv-00177-CDS-NJK<br>**Order**<br>[Docket No. 68] |

Pending before the Court is a motion to extend the discovery cutoff by an extraordinary 120 days. Docket No. 68.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010).

The pending motion fails to establish good cause for an extension.[1] First, the motion is again predicated on the assertion that the parties are having scheduling difficulties with depositions. Docket No. 68 at 5. The Court has already addressed this very reasoning and rejected it as insufficient. Docket No. 65 at 1-2 ("While the Court appreciates that scheduling difficulties

---

[1] As an overarching problem, the motion does not provide meaningfully developed argument in seeking relief. *But see Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not generally consider arguments raised without meaningful development). The arguments presented are effectively comprised of two paragraphs with no citation or discussion of pertinent legal authority. *See* Docket No. 68 at 5-6.

sometimes arise, in this case the parties have had months to get depositions scheduled. Indeed, the parties represented to the Court back in January that they were 'diligently working with each other to schedule the various depositions'"). The pending motion fails to explain why a different result should be reached now based on these scheduling difficulties.

Second, the motion is predicated on the assertion that recent depositions revealed "additional claims and parties." Docket No. 68 at 5. As noted above, however, the parties have had months to get those depositions done. The fact that the parties engaged in last-minute discovery in the twilight of the discovery period and now desire follow-up discovery that cannot be completed within the discovery period is not good cause for an extension. *Cf. Werbicky v. Green Tree Serv., LLC*, 2014 WL 5470466, at *2 (D. Nev. Oct. 27, 2014). Moreover, the motion fails to provide meaningful discussion as to why discovery should be permitted on new claims or new parties, when the deadline to amend or add parties expired ten months ago. Docket No. 25 at 2 (setting deadline to amend or add parties for May 25, 2022).

Third, the motion is predicated on the fact that Defendant Alexander has only now decided to answer the complaint and assert cross/counter-claims. Docket No. 68 at 5, 6. The summons for Defendant Alexander was returned executed showing that he was served 13 months ago on February 26, 2022. Docket No. 13. To repeat, the key inquiry in deciding whether to extend case management deadlines is the <u>diligence</u> of the parties. No meaningful argument is presented that Defendant Alexander's choice to ignore this case for a year (and his related failure to afford himself of the opportunity to conduct discovery during that year) could possibly constitute a showing of diligence. Such circumstances would appear on their face to show the opposite.

Accordingly, the motion to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 23, 2023

_____
Nancy J. Koppe
United States Magistrate Judge