UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Admiral Insurance Company,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Kabul, Inc., et al.,<br><br>　　　　　Defendants | Case No. 2:22-cv-00177-CDS-NJK<br><br>**Order Resolving Defendants' Motion to Seal and Plaintiff's Motion to Redact and Providing Instruction on Refiling the Parties' Motions for Summary Judgement**<br><br>[ECF Nos. 74, 75, 76, 77] |

　　　　Defendants Kabul, Inc. and Darryl Alexander seek to seal in its entirety their motion for summary judgement and all accompanying exhibits. ECF No. 74. Plaintiff Admiral Insurance Company moves to redact exhibits attached to its motion for summary judgment. ECF No. 77. For the following reasons, I deny defendants' motion to seal (ECF No. 74) and grant Admiral's motion to redact (ECF No. 77).

**I.　　Legal Standard**

　　　　"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, a litigant may request court records be sealed or redacted. *Id.* In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Id.* at 1136.

　　　　The Ninth Circuit adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Valley Broad. Co. v U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986); *accord Foltz*, 331 F.3d at 1135–36

(noting that "'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (quoting *Rushford* v. *The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where … documents subject to a protective order are filed under seal as attachments to a dispositive motion. The … 'compelling reasons' standard continues to apply.") (internal citations omitted).

## II. Discussion

### A. Defendants' motion to seal (ECF No. 74) is denied without prejudice.

Defendants seek to seal their motion for summary judgment and appendix of exhibits because the motion refers to or is supported by documents that are marked as "Confidential" by Admiral, as recognized by the April 21, 2022 Protective Order. *See* ECF No. 74; ECF No. 29 (Protective Order). Admiral opposes the motion on the grounds that defendants failed to "identify or provide the exhibits that are to be sealed." ECF No. 81 at 2. Admiral points out that only three documents in the summary judgment motion were marked confidential by Admiral—Exhibits 2, 9, and 11—and argues that defendants should be instructed to redact the "financial proprietary information" from those documents and refile the motion publicly, rather than seal the entire motion and exhibits. *Id.* I agree with Admiral.

As a threshold matter, the fact that the parties have agreed to keep information confidential in a protective order does not provide a compelling reason to seal a court record. *See Foltz*, 331 F.3d at 1138. However, "[s]ensitive business information" or other "proprietary information . . . . the release of which could be harmful to [a parties'] business" can constitute a compelling reason to seal. *Zeitlin v. Bank of Am., N.A.*, 2022 WL 3346957, at *1 (D. Nev. Aug. 11, 2022). Based on the information contained in Admiral's response, I find there to be compelling reasons to keep from public record information on how Admiral calculates its policy premiums.

1  However, any request to seal must be "narrowly tailored" to remove from the public sphere only
2  material that warrants secrecy. *See Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040–41 (D.
3  Nev. 2021) (citing *Press-Enterp. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 513
4  (1984)). Defendants' motion makes no effort to isolate or narrow its request to seal to only the
5  sensitive business information and is thus overbroad. *See Tan v. Konnektive Rewards, LLC*, 2023 U.S.
6  Dist. LEXIS 35415, at *20–21 (S.D. Cal. Mar. 2, 2023) ("[T]he parties' failure to narrowly tailor
7  their sealing requests provides an independent reason to deny the Motions to Seal."). For that
8  reason, defendants' motion to seal is denied and defendants are instructed to redact only the
9  material which warrants secrecy. *See Chaker-Delnero v. Nevada Federal Credit Union*, 2:06-cv-00008-
10 JAD-EJY, at *2 (D. Nev. July 28, 2021) ("[S]ealing documents is improper when confidential
11 information can instead be redacted.") (citing *In re Roman Cath. Archbishop of Portland in Oregon*, 661
12 F.3d 417, 425 (9th Cir. 2011)).

   B. *Admiral's motion to redact exhibits (ECF No. 77) is granted.*

   Also pending before the court is Admiral's motion to redact Exhibits 1 and 6 to its motion for summary judgment. ECF No. 77. Exhibit 1 is the Admiral Insurance Policy CA000038462-01 for the policy period of May 22, 2020 to May 22, 2021 (Policy), and Exhibit 6 contains the Policy quote. *Id.* at 2. Admiral seeks to redact the premium information from the Policy and Policy quote because it contains proprietary financial information regarding how Admiral calculates the Policy premium. ECF No. 77 at 2. Defendants oppose the motion to redact, claiming that the Policy and Policy quote are not confidential, and further object that public policy strongly favors the information being made publicly available. ECF No. 83. I disagree.

   There is a "strong presumption" in favor of access, but there may be compelling reasons to seal "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Here, Admiral has articulated that Exhibits 1 and 6 to its motion for summary judgment contain proprietary financial information regarding how it calculates Policy premiums—which

as mentioned *supra*, I find sufficient to constitute a compelling reason to seal. ECF No. 77 at 2. Indeed, there is a compelling reason to seal documents that contain confidential business information on pricing. *See Tonkawa Tribe of Indians of Okla. v. Sci. Games Corp.*, 2021 U.S. Dist. LEXIS 29344, at *4–5.

Further, Admiral narrowed its request to redact only the documents and portion of the documents which contain proprietary information, while leaving the non-sensitive information available to the public. *Id.* at 3; s*ee Jaramillo v. Area 15 Las Vegas LLC*, 2021 WL 5826312, at *12 (D. Nev. Mar. 8, 2022) ("Redaction is the Court's preferred method over sealing an entire document."). Accordingly, I grant Admiral's motion to redact. *Bullion Monarch Mining, Inc. v. Barrick Goldstrike Mines, Inc.*, 2018 U.S. Dist. LEXIS 187819, at *2, *13 n.2 (D. Nev. Nov. 1, 2018).

### III. Conclusion

IT IS THEREFORE ORDERED that defendants' motion to seal **[ECF No. 74] is DENIED without prejudice**. Further, for clarity of the record, defendants' motion for summary judgment **[ECF No. 75] is DENIED without prejudice**. Defendants are directed to refile their motion for summary judgment, unsealed, but with Exhibits 2, 9, 11 redacted. If those exhibits need to be sealed in their entirety, a motion must be filed which meets the "compelling reasons" standard. Admiral is directed to refile its opposition to Kabul's motion for summary judgment within 14 days of it being docketed.

Admiral's motion to redact **[ECF No. 77] is GRANTED**. Further, for clarity of the record, Admiral's motion for summary judgment **[ECF No. 76] is DENIED without prejudice**. Admiral is directed to refile their motion for summary judgment with exhibits 1 and 6 redacted but unsealed. Defendants are directed to refile their opposition to Admiral's motion for summary judgment within 14 days of it being docketed.

DATED: October 30, 2023

_____
Cristina D. Silva
United States District Judge