# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Admiral Insurance Company,

          Plaintiff

  v.

Kabul, Inc., et al.,

          Defendants

Case No. 2:22-cv-00177-CDS-NJK

**Order Denying Motions to Strike Without Prejudice and Order to Show Cause**

[ECF Nos. 72, 73, 107, 118]

      This is a declaratory insurance action brought by plaintiff Admiral Insurance Company against defendants Kabul, Inc., Darryl Alexander, Tommy Lynch[1], April Black, RSG Specialty, LLC, and National Brokerage Solutions (NBS)[2] (collectively, defendants). *See* Compl., ECF No. 1. This action arises out of a separate wrongful death action pending in this district.[3]

      There are several motions pending before the court, which include: (1) four motions to strike and/or dismiss (ECF Nos. 72, 73, 107, 118); (2) another motion to dismiss (ECF No. 117); and (3) three motions for summary judgment (ECF Nos. 79, 126, 128). Having reviewed the motions, the court finds that resolving motions to strike and/or to dismiss before resolving the other motions is judicially efficient and economical. Accordingly, this order only addresses the former motions.

      For the reasons set forth herein, I deny the motions to strike without prejudice and order Alexander to show cause why sanctions should not be issued for failing to timely file an answer, and further explaining why this court should permit him to untimely bring cross and/or counter claims.

---

[1] Tommy Lynch is the administrator of the estate of Tammy Lynch.

[2] NBS advises they are improperly sued as Nationwide Brokerage Solutions. Accordingly, the court refers to this defendant as NBS throughout this order.

[3] The separate action is 2:21-cv-01981-ART-DJA (hereinafter the "Lynch Action"). That action was brought on behalf of Tammy Lynch who unfortunately lost her life during a waterskiing accident.

I.      **Relevant procedural history**

Plaintiff Admiral Insurance Company brought this declaratory action on January 31, 2022. Compl., ECF No. 1. Admiral seeks a determination that it has no duty to defend or indemnify Kabul Inc. and/or Alexander under a policy it issued and is currently being litigated in a separate action. *Id.* at 11–12. Summons for the defendants were docketed and returned executed. *See* ECF Nos. 6–8; ECF Nos. 10–13.

April Black and Tommy Lynch filed an answer to the complaint on February 24, 2022. ECF No. 9.

On March 21, 2022, Kabul, Inc. filed its answer to the complaint, and brought a third-party complaint against Gregg Eidsness Farm Bureau Financial Services (GEFB), seeking damages for alleged negligence by GEFB for failing to provide Admiral with an updated list of covered jet skis. ECF No. 14 at 10–14.

On March 22, 2023, Alexander filed his answer to the complaint. ECF No. 66. The answer included a negligence counterclaim against Admiral, and negligence crossclaims against GEFB, NBS, and RSG Specialty. *Id.* at 10–29.

On April 12, 2023, Admiral filed a motion to strike Alexander's answer and counterclaim as untimely, or the alternative, to dismiss the counterclaim. ECF No. 72. On the same day, GEFB filed a similar motion to strike Alexander's answer and crossclaim against it as untimely, or in the alternative, to dismiss the crossclaim. ECF No. 73. Alexander opposes both motions. ECF No. 82.

On April 20, 2023, GEFB filed a motion for summary judgment in its favor for the third-party complaint brought by Kabul, alleging that discovery does not support Kabul's allegations. ECF No. 79. Kabul opposes the motion. ECF No. 90.

On July 3, 2023, third-party defendant NBS Insurance filed a motion to strike Alexander's answer and crossclaim (ECF No. 107) which Alexander opposes (ECF No. 110).

On August 25, 2023, defendant RSG Specialty filed a motion to strike and/or dismiss Alexander's claims against them, arguing that Alexander is in default, that relevant deadlines have passed, and that Alexander is failed to exercise diligence, which has resulted in damages to RSG Specialty for having to defend against this action. *See generally* ECF Nos. 117, 118. Alexander opposes both motions. ECF Nos. 121, 122.

On November 9, 2023, third-party plaintiff Kabul filed a motion for summary judgment in its favor against Admiral arguing it fraudulently brought this against to avoid its duty to defend and indemnify in the Lynch Action. *See* ECF No. 126. Admiral opposes the motion. ECF No. 127.

On November 14, 2023, Admiral filed a motion for summary judgment requesting a declaration that Admiral has no duty to defend or indemnify Kabul or Alexander in the Lynch Action. ECF No. 128. Kabul filed an opposition to the motion on December 5, 2023. ECF No. 131. Alexander did not file an opposition.

## II. Legal standard

Federal Rule of Civil Procedure Rule 12(a)(1)(A) provides that a party served with a complaint **must** respond within 21 days after being served. Fed. R. Civ. P. 12(a)(1)(A) (emphasis added). The Federal Rules of Civil Procedure do not, however, "provide a specific sanction for late filing of an answer." *McCabe v. Arave*, 827 F.2d 634, 641 n.5 (9th Cir. 1987). But federal courts in this and sister circuits generally hold that the untimeliness of an answer is not, by itself, a sufficient basis to grant a motion to strike. *See Eagle Rock Contracting, LLC v. Nat'l Sec. Techs., LLC*, 2016 WL 1555711, at *1 (D. Nev. Apr. 15, 2016) (collecting cases); *see also McCabe*, 827 F.2d at 639–40 (concluding that a district judge did not abuse his discretion by denying the plaintiffs' request that the defendants' defenses be stricken from an answer that plaintiffs received on the day of trial); *Est. of Hirata v. Ida*, 2011 WL 3290409, at *3 (D. Haw. June 14, 2011) (declining to strike an answer that was more than nine months late where defendants "demonstrated an intent to defend the case on the merits"). Instead, a sanction for untimeliness can be imposed as

part of a court's "inherent power." *McCabe*, 827 F.2d at 640; *see also State Comp. Ins. Fund v. Capen*, 2016 WL 9083270, at *2 (C.D. Cal. Dec. 16, 2016) ("Federal courts have 'inherent power' to impose sanctions—say, striking an untimely answer—for violations of Rule 12(a).") (citation omitted). Any exercise of sanctions under a court's inherent powers must first be preceded by a "specific finding of bad faith." *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986).

### III.    Discussion

Plaintiff Admiral, third-party defendant GEFB, defendant NBS, and third-party defendant RSG Specialty all move this court to strike Alexander's answer and counter and/or cross claims as untimely. ECF Nos. 72, 73, 107, 118. In the alternative, the parties move to dismiss the counter and/or crossclaims lodged against them in Alexander's answer.[4] *See generally id.* Alexander opposes the motions, arguing that the moving parties fail to cite authority that would authorize this court to strike the entire pleading. ECF Nos. 82 at 3.

There is no doubt that Alexander's answer was not timely filed. Alexander was served on February 26, 2022, at an address in New York (*see* Executed Summons, ECF No. 13), making his answer due March 21, 2022. Alexander did not file his answer until March 22, 2023, almost a full year later. ECF No. 66. While the court concurs that case law does not support striking the entire pleading, the court finds that Alexander fails to substantively address the other arguments raised in the motions. Instead, he files similar oppositions to each motion, arguing that the movants fail to demonstrate that they have personal jurisdiction over him or that he was personally served. ECF No. 82 at 4. This is improper. Under Rule 12(h), a party waives certain defenses, including lack of personal jurisdiction, by failing to include them in an answer or pre-answer motion. Fed. R. Civ. P. 12(h)(1)(B). Here, Alexander failed to challenge personal

---

[4] RSG Specialty also moves for dismissal for failing to timely pay a security of cost bond. *See* ECF No. 118 at 17. It fails to cite to an applicable federal rule requiring a bond and the court finds none. It appears that RSG Specialty is relying on NRS 18.130, which requires an out of state plaintiff to pay security for the costs and charges when bringing an action in state court. *See generally* NRS 18.130. There is no such requirement in federal court so RSG Specialty's motion for dismissal on this ground is denied.

1  jurisdiction in his answer and failed to file a pre-answer motion, so his arguments regarding that
2  defense are waived.

3       As it relates to GEFB and RSG Specialty, Alexander argues that they lack standing to
4  bring their motions. The Ninth Circuit has long held that "the jurisdictional issue of standing
5  can be raised at any time." *See Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir.
6  2009) (quoting *United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997)). Standing is
7  determined by the facts in existence at the time the complaint is filed. *Clark v. City of Lakewood*,
8  259 F.3d 996, 1006 (9th Cir. 2001). But "[i]t is a long-settled principle that standing cannot be
9  inferred argumentatively from averments in [] pleadings, but rather must affirmatively appear in
10 the record." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (plurality opinion) (internal
11 citations and quotation marks omitted). Alexander neither challenges the facts in the complaint
12 nor presents *any* points and authorities in support of his summary assertion that GEFB and/or
13 RSG Specialty lack standing. *See* ECF No. 82 at 3 (challenging standing in one sentence); ECF
14 No. 122 at 8 (challenging standing in one paragraph without citing to any points and
15 authorities). Consequently, his arguments regarding standing are unpersuasive. *See Greenwood v.*
16 *F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (The Ninth Circuit "review[s] only issues which are
17 argued specifically and distinctly in a party's opening brief ... [and a] bare assertion does not
18 preserve a claim" (citation omitted)).

19      What remains is Alexander's misplaced argument that the motions to strike arguing that
20 he is in default are inapplicable. Courts find that a motion to strike an untimely answer is
21 essentially a motion for entry of default under Rule 55, and "the filing of a late answer is
22 analogous to a motion to vacate a default, because the party filing the late answer receives the
23 same opportunity to present mitigating circumstances that it would have had if a default had
24 been entered and it had moved under Rule 55(a) to set it aside." *McMillen v. J.C. Penney Co.*, 205
25 F.R.D. 557, 558 (D. Nev. 2002) (internal quotation marks and alterations omitted) (quoting *John*
26 *v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992)). Rule 55(c) provides that a court may set aside

an entry of default for good cause. Fed. R. Civ. P. 55(c). There are three factors a court considers in determining whether there is good cause: (1) whether the party engaged in culpable conduct that led to the default; (2) whether the defaulting party had a meritorious defense; and (3) whether reopening the default judgment would prejudice the non-defaulting party. *See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). No one factor is controlling, so a court is free to find the absence of good cause and deny a motion to set aside entry of default if *any* one of the three factors is present. *Id.* While Alexander claims that he would be successful even applying default judgment case law because he has a meritorious defense, the court disagrees. His proffered "defense" is lack of personal jurisdiction, but for the reasons set forth above, that argument is waived. And, while he claims that he learned of this litigation shortly before filing his answer, the court has no affidavits, declarations, or otherwise to support this argument. Accordingly, Alexander's arguments are unpersuasive.

However, the court is aware of the strong judicial preference for resolving cases on their merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). While that preference does not preclude entering default, the court finds that the untimeliness of Alexander's answer together with the flawed arguments in his opposition concerning. Thus, the court is denying Admiral, GEFB, NBS, and RSG Specialty's motions to strike the answer without prejudice.[5] But, the court orders Alexander to show cause as to why sanctions should not be issued for failing to timely file an answer, and further explaining why this court should permit him to file cross and/or counterclaims in an untimely fashion. Alexander must file a response to this show cause order within 14 days of this order. Plaintiff Admiral, third-party defendant GEFB, defendant NBS, and third-party defendant RSG Specialty may file responses within 14 days of the filing of Alexander's show-cause response. No reply shall be filed unless ordered by the court.

---

[5] This includes the motions to dismiss the cross/counterclaims.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that plaintiff Admiral, third-party defendant GEFB, defendant NBS, and third-party defendant RSG Specialty's motions to strike **[ECF Nos. 72, 73, 107, 118] are DENIED without prejudice**.

IT IS FURTHER ORDERED that Alexander must show cause as to why sanctions should not be issued for failing to timely file an answer, and further explaining why this court should permit him to untimely bring cross and/or counterclaims **by February 26, 2024**. Responses are due 14 days after Alexander's show-cause response is docketed. No reply shall be filed without further order from the court.

Dated: February 12, 2024

_____
Cristina D. Silva
United States District Judge