KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No.: 2798
BRANDON P. JOHANSSON, ESQ.
Nevada Bar No. 12003
ARMSTRONG TEASDALE LLP
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113
Telephone: 702.678.5070
Facsimile: 702.878.9995
kstolworthy@atllp.com
bjohansson@atllp.com

*Attorneys for Plaintiff*
*Admiral Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     vs.<br><br>KABUL, INC. d/b/a FASTRIP PWC RENTALS, KABUL, INC. d/b/a FASTRIP FOOD STORE, DARRYL PETER ALEXANDER, JR., individually, TOMMY LYNCH, as ADMINISTRATOR for the ESTATE OF TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of TAMMY LYNCH<br><br>            Defendants. | Case No.: 2:22-cv-00177-CDS-NJK<br><br>**MOTION FOR CERTIFICATION OF SEPARATE AND FINAL JUDGMENT** |
| KABUL, INC dba FASTRIP PWC and FASTRIP FOOD STORE,<br><br>            Third-Party Plaintiff,<br><br>     vs.<br><br>GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>            Third-Party Defendant. | |
| AND ALL RELATED CLAIMS | |

1

Plaintiff Admiral Insurance Company ("Admiral") moves this Court for an Order directing the entry of a separate and final judgment as to Admiral's claims against Defendants Kabul, Inc. ("Kabul"), Darryl Alexander ("Alexander"), Tommy Lynch, and April Black based upon the Court's Order Resolving Pending Motions for Summary Judgment (ECF No. 147) (the "SJ Order") pursuant to Fed. R. Civ. P. 54(b).

**1.0   Introduction**

What began as a simple declaratory judgment action seeking to clarify whether Admiral had a duty to defend and indemnify one of its insured in a tort action has blossomed into a third-party action between Admiral's insured, Kabul, and a third-party insurance broker, Gregg Eidsness Farm Bureau Financial Services ("GEFB"). Although the Court granted summary judgment as to Admiral's declaratory relief claims, the third-party action continues to drag on, preventing Admiral from receiving any benefit from the final judgment to which it is entitled, including the issue preclusive effects that attach to such final judgments.

Admiral's involvement in this case was limited from the start. Now that its claims have been adjudicated, Admiral respectfully requests that the Court grant it a separate and final judgment so that the Court's decision may carry the weight of finality.

**2.0   Factual Background & Procedural History**

This case arises out of an insurance dispute between Admiral and its insured, Kabul, relating to the fallout from a fatal jet ski accident.[1] See SJ Order, at 1. Kabul was named as a defendant in a lawsuit stemming from the accident, and it sought defense and indemnity coverage from its insurer, Admiral. See id. at 1-3. Admiral disputed coverage, finding that the jet ski at issue in the underlying tort action was not covered under Kabul's policy. See id. As a result, Admiral filed its Complaint in this action, which consisted of two claims seeking declaratory relief. See Complaint, ECF No. 1 at ¶¶ 39-50 (Declaratory Relief Regarding No Duty to Defend); 51-56 (Declaratory Relief Regarding No

---

[1] Although Admiral's Complaint dealt primarily with the insured, Kabul, it also sought the same declaratory relief against the others involved in the underlying tort action so that complete relief could be achieved. Those other Defendants include Alexander, Lynch, and Black.

2

Duty to Indemnify). Admiral sought no damages or relief other than a judicial declaration. *See id.* at pp. 12-13.

In response to Admiral's Complaint, Kabul answered and filed a third-party complaint against its insurance broker, Gregg Eidsness Farm Bureau Financial Services ("GEFB"). *See* Answer and Third-Party Complaint, ECF No. 14. Kabul's Third-Party Complaint alleged that the lapse in coverage over the jet ski at issue was due to GEFB's negligence; that is, although Kabul instructed GEFB to register the jet ski on the Admiral policy, GEFB failed to do so. *See id.* at pp. 11-12.

Each of these three parties filed motions for summary judgment. *See* ECF Nos. 79 (GEFB); 126 (Kabul);[2] 128 (Admiral). After briefing and a hearing, this Court denied the motions filed by GEFB and Kabul, and it granted the motion filed by Admiral, finding that Admiral had no duty to defend or indemnify Kabul and that Admiral was entitled to summary judgment. *See* SJ Order at 2, 16-17. With summary judgment granted as to Admiral's only two claims, its involvement with this case ceased because the only claim remaining in this action was Kabul's claim against GEFB. *See* ECF Nos. 1, 14, & 147.

Subsequent to the Court's findings at summary judgment, Admiral filed a separate action against Kabul seeking reimbursement of the attorneys' fees and costs it incurred defending Kabul in the underlying tort action and the settlement payment it made on Kabul's behalf.[3] *See Admiral Insurance Company v. Kabul, Inc.*, 2:24-cv-02060-GMN-MDC (Dist. NV, filed Nov. 4, 2024). In its complaint in that action, Admiral alleges that it had no duty to indemnify or defend Kabul, as found by this Court in its SJ Order. *See id.* at ECF No. 1, ¶¶ 26-28.

---

[2] Alexander also joined Kabul's Motion. For purposes of simplification, this Motion is referred to as Kabul's Motion.

[3] Although the issue is not before this Court, in light of the consternation this second action has caused some of the Parties, Admiral briefly notes that there is nothing improper about Admiral's decision to seek damages in a separate action. Such practice is endorsed by the Ninth Circuit, the Supreme Court of Nevada, the American Law Institute, and countless other jurisdictions. *See Cheren v. Provident Life & Acc. Ins. Co.*, 213 F.3d 641 (9th Cir. 2000) (declaratory judgment does not preclude subsequent claim for relief where no damages are sought); *see also Boca Park Martketplace Syndications Grp., LLC v. Higco, Inc.*, 133 Nev. 923, 926–27, 407 P.3d 761, 764–65 (2017) (same); *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 549 (D.C. Cir. 1988) (same); Restatement (Second) of Judgments § 33 cmt. C (same); *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 56 (1st Cir. 2008) (collecting cases).

**3.0   Legal Standard**

An order in a multiple-claim action does not end the litigation as to those parties or claims if it disposes fewer than all the claims against fewer than all the parties until judgment is entered. Fed. R. Civ. P. 54(b). But where there is "no just reason for delay," a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties …." *Id*. To be eligible for such treatment, an order must be a final judgment, and there must be no just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8, 100 S. Ct. 1460, 1464–65 (1980).

**4.0   Argument**

The SJ Order disposes all the claims brought by Admiral and represents the Court's final decision as to those claims. Moreover, because the equities weigh in favor of certification and there is no commingling of factual or legal issues between the SJ Order and any remaining claims, there is no just reason to delay issuance of a final judgment as to Admiral's claims.

**4.1   The SJ Order is a final judgment.**

The SJ Order is a final disposition of Admiral's claims in this action, which qualifies it for certification under Fed. R. Civ. P. 54(b). The first threshold for certification is a determination as to whether the order is a "final judgment," meaning that "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S. Ct. 895, 900 (1956)).

Courts ordinarily look to 28 U.S.C. § 1291 to determine whether a judgment is final. Under that statute, a decision is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275, 108 S.Ct. 1133, 1136 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633 (1945)). Although Fed. R. Civ. P. 54(b) "does not relax the finality required of each decision, as an individual claim," it does "allow[ ] a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multiclaim action." *Mackey*, 351 U.S. at 435; *Arizona State Carpenters*

*Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991) (quoting *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d Cir.1990)).

The Court's SJ Order, to the extent it grants summary judgment on Admiral's claims, is a final order for purposes of Rule 54(b) certification because it is the "ultimate disposition" of two "cognizable claim[s] for relief." *See Curtiss-Wright Corp.*, 446 U.S. at 7. Orders granting summary judgment, including orders granting partial summary judgment, are sufficiently final for purposes of Rule 54(b) certification. *See Franklin v. Fox*, 312 F.3d 423, 428–29 (9th Cir. 2002) (finding appellate jurisdiction where district court certified "final order of summary judgment" pursuant to Rule 54(b)); *see also Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) (same, as to partial summary judgment). Accordingly, the Court's SJ Order is sufficiently final for purposes of Rule 54(b) certification.

**4.2  There is no just reason to delay.**

Once a court has determined that it has rendered a "final judgment," it must then determine whether there is any just reason for delay, a decision which is "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8.[4] Courts are instructed to exercise this discretion "in the interest of sound judicial administration" and in a manner which "preserves the historic federal policy against piecemeal appeals." *Mackey*, 351 U.S. at 437-38.

Although there are no narrow guidelines for how this issue should be analyzed, the Ninth Circuit observed that in deciding *Curtiss-Wright*, the Supreme Court considered:

> whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment (which in that case could be years because of the complexity of the remaining claims) would inflict severe financial harm.

---

[4] Courts of appeal grant deference to the district court's decision because they are "'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir.1987)).

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n. 2 (9th Cir. 2005). It also noted that these factors were illustrative, rather than strict, and interpreted *Curtiss-Wright* as holding that, "while the absence of any of these factors would not necessarily mean that certification was improper," district courts were instead required "'to find a sufficiently important reason for nonetheless granting certification.'" *Id*. (quoting *Curtiss-Wright,* 446 U.S. at 8).

### 4.2.1   There is no overlap between Admiral's claims and Kabul's claim.

Here, the equities and interest of judicial administration weigh in favor of granting certification. To begin, there is no overlap between the claims Admiral brought in this action and the claim Kabul is currently prosecuting against GEFB.[5] Although based around the same insurance policy, Kabul's claim against GEFB does not contradict Admiral's allegations, which were based on the fact that the subject jet ski was not listed on Admiral's policy. *See* ECF No. 1 at ¶¶ 27-31. Kabul accepts this finding in its Third-Party Complaint, alleging that GEFB's negligence resulted in the jet ski being left off the policy, and blaming GEFB for any damages it suffered as a result of Admiral's policy not covering the accident in the subject tort lawsuit. *See* ECF No. 14 at ¶¶ 7-8. Rather than contradict one another, Admiral's claims serve as a predicate to establishing Kabul's claims against GEFB. Accordingly, granting certification will not upset any decision this Court or a jury makes as to these remaining claims—if anything, certification will help shore up the basis of that action.

Moreover, there is no concern that, if any other party appeals the Court's SJ Order as it applies to Admiral's claims, appellate resources will be unnecessarily taxed, either through unnecessary review that might be mooted later or by duplication if a later appeal is filed. Here, again, the legal and factual issues are separate, and a later appeal as to the remaining issues between Kabul and GEFB will not require the Ninth Circuit to revisit any of the issues addressed by this Court in granting Admiral's Motion for Summary Judgment.

---

[5] Even if there was overlap, that reason alone is not sufficient to deny Rule 54(b) certification. *See, e.g., Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (certification was appropriate "even [where] the remaining claims would require proof of the same facts involved in the dismissed claims") (discussing *Continental Airlines*, 819 F.2d 1519).

**4.2.2  Collateral estoppel effect of certification favors judicial economy.**

As to the reimbursement action itself, the equities favor Rule 54(b) certification because it will give the parties needed certainty both within this action and in the separate reimbursement action, and it will preserve judicial resources in the reimbursement action. In addition to providing finality in this action, certifying the SJ Order will grant the SJ Order the effects of res judicata and collateral estoppel, which "bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016) (quoting *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992)); *see also Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979). Generally, "issue preclusion attaches only when an issue is actually litigated and determined by a valid and final judgment," and such an order must either be appealed or appealable. *Arizona v. California*, 530 U.S. 392, 395, 120 S. Ct. 2304, 2309, *supplemented*, 531 U.S. 1, 121 S. Ct. 292 (2000); *see also Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1076 (9th Cir. 2001); *Dixon v. Wallowa County*, 336 F.3d 1013, 1020 (9th Cir. 2003).

Here, a threshold issue in the reimbursement action is the question of whether Admiral had a duty to defend or indemnify Kabul, a question this Court has already decided. If Admiral had no such duties, then it is entitled to reimbursement from Kabul as to the cost of Kabul's defense and indemnity. *See Nautilus Ins. Co. v. Access Med., LLC*, 137 Nev. 96, 105–06, 482 P.3d 683, 691–92 (2021). Since finality of the Court's summary judgment is needed to apply collateral estoppel effects as to that issue in the reimbursement action, entry of a separate and final judgment as to Admiral's claims in this action will serve the interests of equity and judicial administration by preventing the potential re-litigation of this issue.

Moreover, seeking certification for the purpose of producing res judicata effects is perfectly valid under Rule 54(b). *See Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) ("Because a 54(b) ruling in fact has res judicata ramifications, which are potentially very important, it would be unsound and ineffectual to hold that the district courts may not consider this factor in deciding for or against certification.") (citing *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 950 n. 7 (7th Cir. 1980); *Republic of China v. American Express Co.*, 190 F.2d

334, 339 (2d Cir. 1951)). And, in addition to serving the interests followed by the Supreme Court in *Curtiss-Wright*, certification here will also serve the purposes outlined in Fed. R. Civ. P. 1, which directs district courts to "construe[ ], administer[ ], and employ[ ] [the Federal Rules] … to secure the just, speedy, and inexpensive determination of every action and proceeding." Accordingly, certification of the order will produce collateral estoppel effects which will serve the interest of judicial administration in the reimbursement action.

**5.0    Conclusion**

The Court's granting of summary judgment in favor of Admiral in this action is a final judgment ripe for certification under Fed. R. Civ. P. 54(b), and there is no just reason to delay issuance of a judgment in Admiral's favor. Accordingly, Admiral respectfully requests that the Court grant this Motion and enter a separate and final judgment as to Admiral's claims so that Admiral may be relieved of participating further in this matter and so that the SJ Order may produce collateral estoppel effects.

Dated: April 7, 2025.

ARMSTRONG TEASDALE LLP

By: */s/Kevin R. Stolworthy*
KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No.: 2798
BRANDON P. JOHANSSON, ESQ.
Nevada Bar No. 12003
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113

*Attorneys for Plaintiff*
*Admiral Insurance Company*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing was served:

☒ via electronic service to the address(es) shown below:
rschumacher@grsm.com
btaylor@gordonrees.com
thomasc@injuryhelpnow.com

☐ via the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first-class postage prepaid, on the date and to the address(es) shown below:

Thomas Christensen, Esq.
1000 South Valley View Blvd., Suite P
Las Vegas, NV 89107

*Attorneys for Defendants Kabul and Darryl Peter Alexander, Jr.*

Robert E. Schumacher, Esq.
Bradley G. Taylor, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, NV 89101

*Attorneys for Third-Party Defendant Gregg Eidsness Farm Bureau Financial Services*

Dated: April 7, 2025.

*Christie Rehfeld*
An employee of Armstrong Teasdale LLP