UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Admiral Insurance Company, | Case No. 2:22-cv-00177-CDS-NJK |
| Plaintiff | **Order Granting Admiral's Motion for Separate Judgment, and Order to Show Cause** |
| v. | |
| Kabul, Inc., et al., | |
| Defendants | [ECF No. 179] |

Pursuant to Federal Rule of Civil Procedure 54(b), plaintiff Admiral Insurance Company, seeks entry of a separate and final judgment as to Admiral's claims against defendants Kabul, Inc., Darryl Alexander, Tommy Lynch, and April Black based on this court's summary judgment order (ECF 147). Mot., ECF No. 179. Kabul filed an opposition to the motion. Opp'n, ECF No. 182. No other defendant filed an opposition, and the time to do so has long passed.[1] This motion is now fully briefed. Reply, ECF No. 183. For the reasons stated herein, the motion is granted.

I.    **Background**

On August 24, 2024, I granted summary judgment in favor of Admiral, finding it had no duty to defend or indemnify Kabul. *See* Omnibus order, ECF No. 147. In that same order, I denied summary judgment motions that had been filed by Gregg Eidsness Farm Bureau Financial Services (GEFB), and Kabul and Alexander, respectively. *Id.* Admiral now files this motion for separate judgment, arguing its involvement in this case was "limited from the start" and that it needs finality because the third-party action continues to "drag-on." ECF No. 179 at 2.

---

[1] *See* ECF No. 179 (Responses due by April 21, 2025).

1  II.    **Legal standard**

2       Federal Rule of Civil Procedure Rule 54(b) allows the court to "direct the entry of a final

3  judgment as to one or more but fewer than all of the claims or parties" when there is "no just

4  reason for delay." Fed. R. Civ. P. 54(b).  To enter separate judgment under Rule 54(b), the

5  judgment must be a "final judgment." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980).

6  Further, the district court must make express findings that there is no "just reason for delay."

7  Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).

8  Specifically, these findings must show: (1) that the "interrelationship of the claims" will not lead

9  to "piecemeal appeals"; and (2) the equities—such as "efficient judicial administration,"

10 prejudice, and delay—warrant a separate judgment. *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d

11 1072, 1084–85 (9th Cir. 2010). "[I]n the interest of judicial economy Rule 54(b) should be used

12 sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). Rule 54(b) judgments are

13 reserved "for the unusual case in which the costs and risks of multiplying the number of

14 proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the

15 litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v.*

16 *Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

17 III.    **Discussion**

18       As a threshold matter, to determine if a Rule 54(b) judgment is appropriate, I am

19 required to determine if I am dealing with a "final judgment," as it must be "an ultimate

20 disposition of an individual claim entered in the course of a multiple claims action." *Sears,*

21 *Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). I find that the order granting summary judgment

22 in Admiral's favor is a final judgment. My omnibus order granting Admiral's motion for summary

23 judgment resolved the entirety of their claims, leaving only a third-party action pending. ECF

24 No. 147.[2]

25

26 _____

[2] The status of this third-party action remains unclear and is addressed further below.

Once the element of finality is satisfied, I must evaluate "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In making this determination, the court "must take into account judicial administrative interests as well as the equities involved." *Id.* "Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (citation omitted). Courts should evaluate the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 10. As a district judge, I may "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 8.

The Ninth Circuit has held that "claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would streamline the ensuing litigation." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Nevertheless, a "similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result." *Morrison-Knudsen Co., Inc.*, 655 F.2d at 965.

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8. Rather, "[t]here exists a long-settled and prudential policy against the scattershot disposition of litigation and entry of judgment under Rule 54(b) should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *U.S. Fire Ins. Co. v. Williamsburg Nat. Ins. Co.*, 2009 WL 650578, at *2 (E.D. Cal. Mar. 12, 2009) (citation omitted). Consequently, judgments under Rule 54(b) are "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some

claims or parties." *Morrison-Knudsen Co.*, 655 F.2d at 965; *see also Gausvik*, 392 F.3d at 1006 ("[I]n the interest of judicial economy, Rule 54(b) should be used sparingly."). Ultimately, a party seeking Rule 54(b) certification bears the burden to show that certification is warranted. *U.S. Fire Ins.*, 2009 WL 650578, at *2.

Admiral brought this action to determine if it had duty to defend and indemnify one of its insured in a tort action. *See* Compl., ECF No. 1. I already determined it did not have either; however, the third-party action between Admiral's insured, Kabul, and a third-party insurance broker, Gregg Eidsness Farm Bureau Financial Services, remains pending—seemingly in limbo. Thus, Admiral argues that considering all relevant factors, finality warrants certification. *See* ECF No. 179. Kabul opposes the motion, arguing that there are "overlapping and intertwined issues involved in the remaining claims," so certification would be improper. *See* ECF No. 182. But Kabul's argument is unpersuasive, and candidly, difficult to understand given the procedural posture of this case.

First, Kabul wholly fails to identify what claims are "overlapping and intertwined." Instead, Kabul argues that there are "issues" between Kabul and Eidsness that "involve the very same issues of fact about notifications to Admiral about jet skis used in Kabul's jet ski rental business." ECF No. 182 at 4.[3] Even if there are the same or similar issues of fact, that does not

---

[3] Kabul also argues that there are still undecided issues of affirmative defenses at issue against Admiral. ECF No. 182 at 4. This argument fails. Kabul failed to argue *any* affirmative defense precluded summary judgment in its opposition to Admiral's motion. *See* ECF No. 131. Further, while Kabul's answer included pleadings titled "Affirmative Defenses," a closer look reveals two of them are not, in fact, actual affirmative defenses. *See* Answer, ECF No. 66. Instead, Kabul argued that Admiral failed to state a claim (First "Affirmative Defense"), that Admiral "knowingly sued the wrong party," (Second "Affirmative Defense"), that Admiral brought this action as pretext to cancel coverage under the policy (Third "Affirmative Defense"), and that it was reserving its right to amend to assert more affirmative defenses (Fourth "Affirmative Defense"). *Id.* at 8–10. The first two, and final, lodged defenses are simply not affirmative defenses. *See Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in plaintiff's prima facie case); *J & J Sports Prods., Inc. v. Angulo*, 2015 WL 5020725, at *3 (E.D. Cal. Aug. 21, 2015) (holding that a claim of third party responsibility is an attack on the prima facie elements and is not an affirmative defense); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (explaining that. like complaints, affirmative defenses must give plaintiff "fair notice" of the defense being advanced); *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 574 (N.D. Cal. 2016) ("[T]he majority of district courts have concluded that the pleading standards set forth in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* apply to

mean they are admissible nor relevant to the third-party action. As an example, Kabul argues that its "anticipated that Eidsness will also claim that Admiral received a list from Eidsness containing Registration no. AZ6049CB Hull ID#YAMA3877C020 – the jet ski rented by Alexander--at the latest, during the 2021 policy period that would, of necessity, be part of the 2021 schedule of jet skis possessed by Admiral. Eidsness admits that Kabul consistently updated lists of jet skis to Admiral through the agent, Eidsness," and that "Eidsness' additional defense at trial will be that it updated Admiral with the list containing the Registration no. AZ6049CB Hull ID# YAMA3877C020 jet ski, at the latest, during the 2021 policy term." *Id.* at 8–9.[4] Assuming arguendo that GEFB does lodge these arguments, Kabul fails to explain why this precludes Rule 54(b) judgment: indeed, these arguments can be raised with or without certification.

Second, Kabul's opposition is tethered to Kabul's now-denied, motion to dismiss for lack of jurisdiction (ECF No. 159).[5] In that motion, Kabul argued that because Admiral did not bring any claims for reimbursement in this action, they failed to plead a live controversy. *Id.* at 3. It further argues that this action was akin to an advisory opinion. However, 42 U.S.C. § 2201 permits a federal district court to issue declaratory judgments. When doing so, "the district court 'must balance concerns of judicial administration, comity and fairness to the litigants.'" *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). Admiral needed clarity regarding whether it had a duty to

---

affirmative defenses." (citations omitted)). An affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Hernandez v. County of Monterey*, 306 F.R.D. 279 (2015); *see also* Fed. R. Civ. P. 8(c). This distinguishes affirmative defenses from ordinary defenses that merely challenge whether the plaintiff has met the burden of proof on the elements of the claim, which is precisely what Kabul attempted to do here. The third "affirmative defense," can qualify as an affirmative defense. But my order granting summary judgment in Admiral's favor rejected any argument that this action was brought as pretext to preclude coverage. *See* ECF No. 147 at 11–17. That order explained that the jet ski at issue was not on the coverage list, so Admiral had no duty to defend or indemnify and Kabul's sole affirmative defense failed.
[4] The court refers to Eidsness as GEFB.
[5] I denied Kabul's motion to dismiss on March 5, 2025. Mins. of proc., ECF No. 176. The transcript served as the findings of fact and conclusion of law. *Id.*

defend and indemnify one of its insured. That was the controversy this court needed to, and did, address. This action brought that clarity to Admiral, so on balance, this declaratory action was both appropriate and fair. Kabul's argument that Admiral's decision to bring a separate action seeking damages also precludes certification is non sequitur. That separate action will need to be resolved in *that case* whether I grant certification here, or not.

Third, Kabul's opposition fails because it is an improper motion for reconsideration regarding my summary judgment argument and denial of its motion to dismiss for lack of jurisdiction. *See* ECF No. 182 at 6–7, 12. Thus, I decline to address those arguments here.

I find that judicial administrative interests and equities weigh in favor of granting Admiral's motion. Stated otherwise, Admiral has met its burden showing certification is warranted here. Finality of Admiral's declaratory action will permit an appeal on those narrow issues to proceed without further delay. While it may cause additional proceedings if the third-party action between Kabul and GEFB does not resolve, those issues would still have been resolved independent of Admiral's claim.

"Rule 54(b) claims do not have to be separate from and independent of the remaining claims." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atl. Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)). "Both the Supreme Court and [the Ninth Circuit] have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example, counterclaims are involved that arise out of the same transaction or occurrence as the certified claim." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005). As the Supreme Court stressed in *Curtiss-Wright* that "[t]he mere presence of [counter]claims . . . does not render a Rule 54(b) certification inappropriate. If it did, Rule 54(b) would lose much of its utility." 446 U.S. at 9. The same logic applies to third-party claims. The purpose behind Rule 54(b) turns on "the interrelationship with the claims on which certification is sought." 446 U.S. at 9. The interrelationship between Admiral's claims and Kabul's third-party claims are not so significant to preclude certification here.

Finally, the Ninth Circuit has adopted a "pragmatic approach focusing on severability and efficient judicial administration" when deciding Rule 54(b) certifications. *Wood*, 442 F.3d at 880 (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987)). There has been no progress related to Kabul's third-party action, which greatly prejudices Admiral. Because of that inaction, and for the other reasons explained above, it is in the interest of judicial efficiency and administrative, as well as common sense, to enter final judgment as to Admiral's claims, and resolve the third-party claim later. Accordingly, Admiral's motion for Rule 54(b) certification is granted.

## IV.  Order to show cause against Kabul

As part of an April 4, 2025 status report filed by all parties, Kabul and third-party defendant *Gregg Eidsness Farm Bureau Financial Services* requested a 30-day stay to address settlement. *See* ECF No. 178 at 6. Since then, neither party has provided any update to the court. Stated otherwise, Kabul has failed to diligently prosecute its third-party claim. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (dismissal for failure to prosecute). Accordingly, Kabul is ordered to show cause, in writing, by January 16, 2026, explaining why its third-party claim against GEFB should not be dismissed for failure to diligently prosecute. If Kabul fails to respond by that date, the third-party action will be dismissed without further notice.

## V.  Conclusion

IT IS THEREFORE ORDERED that Admiral's motion for Rule 54(b) certification **[ECF No. 179] is GRANTED.** The Clerk of Court is kindly directed to enter separate judgment in favor of Admiral Insurance Company on its claims against Kabul, Inc.

1    IT IS FURTHER ORDERED that Kabul must show cause by January 16, 2026,

2 explaining why this action should not be dismissed for failing to diligently prosecute its case.

3 Failure to respond will result in dismissal without further notice.

4    Dated: January 8, 2026

5

6                                         _____
                                         Cristina D. Silva
7                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26