UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Admiral Insurance Company, | Case No. 2:22-cv-00177-CDS-NJK |
| Plaintiff | **Order Denying Without Prejudice Plaintiff's Bill of Costs and Denying as Moot Defendant's Objection** |
| v. | |
| Kabul, Inc., | [ECF Nos. 190, 193] |
| Defendant | |

This action arises out of a separate wrongful death action. Here, Admiral Insurance Company commenced a declaratory insurance action against Kabul, Inc.[1] After I granted summary judgment in favor of Admiral on its claims against Kabul, it filed its bill of costs. Bill, ECF No. 190. Kabul objects to Admiral's bill, arguing that Admiral's position as the prevailing party is unsupported by the record. Obj., ECF No. 193. Kabul further argues that the costs sought are not taxable, necessary, or adequately supported. *Id.* at 3. However, the day after filing its objection, Kabul filed a notice of appeal from the judgment. Notice, ECF No. 195. The Ninth Circuit Court of Appeals has not issued a decision on Kabul's appeal. I find that, given the pending appeal, it is inefficient to rule on Admiral's bill of costs until the pending appeal is disposed. Admiral's bill of costs is denied without prejudice; however, it may refile the bill, if appropriate, within fourteen days of the Ninth Circuit's mandate on Kabul's appeal.

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, "but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry*

[1] Defendants Tommy Lynch, April Black, and Nationwide Brokerago Solutions were subsequently dismissed. The status of the lawsuit against Darryl Peter Alexander, Jr. and RSG Specialty LLC is unclear. The court is also unaware of any activity on the third party, cross- and counter-claims asserted in this action.

*Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)). However, the district court has discretion to defer ruling on a taxation of costs while an appeal on the merits is pending. *See* Fed. R. Civ. P. 54(d) advisory committee notes to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *see also Wealthy, Inc. v. Cornelia*, 2024 U.S. Dist. LEXIS 243250, *3 (D. Nev. Aug. 16, 2024); *Lasic v. Moreno*, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007). "The reasoning of the Advisory Committee's note is applicable to ruling on a bill of costs." *Lasic*, 2007 WL 4180655, at *1.

The Ninth Circuit now has an opportunity to determine whether Admiral should indeed prevail and therefore recover its costs. Because a ruling from the Ninth Circuit could moot the bill of costs, I find that deferring ruling until after the appeal is resolved promotes judicial economy. Therefore, Admiral Insurance Company's bill of costs **[ECF No. 190] is denied without prejudice**. Accordingly, Kabul's objection **[ECF No. 193] is denied as moot**. Admiral may refile the bill, if appropriate, within fourteen days of the Ninth Circuit's mandate on Kabul's appeal.

Dated: March 4, 2026

_____
Cristina D. Silva
United States District Judge

2